MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/2021

# HARVEY FISHBEIN
#### ATTORNEY AT LAW

111 BROADWAY, SUITE 701
NEW YORK, NEW YORK 10006
TEL: (212) 233-9555
FAX: (212) 374-1506
hf@harveyfishbein.com

November 19, 2021

**VIA ECF**
Hon. Valerie E. Caproni
United States District Judge
40 Foley Square
New York, NY 10007

                                   Re:      **United States v. Joseph Rivera**
                                                **21 Cr. 510 (VEC)**

Dear Judge Caproni:

       I write in reply to the Government's November 12, 2021 Response ("Government's Response") to the defendant's letter dated November 5, 2021.

       The Government relies considerably on *United States v. Middendorf*, No. 18 Cr. 38 (JPO), 2018 W.L. 3956494 (SDNY 2018), a case in which the Court rejected the defendant's request that the Court order the Government to search the files of a cooperating ongoing business and the SEC for favorable information not already in the Government's possession, finding that the entities were not part of the Government's prosecution team and the information in the defense possession was sufficient. However, the instant matter significantly differs from that of *Middendorf* in three critical ways.

       First, here, the defense request is not a fishing expedition and certainly is not making a general request that the Government search the files of the Bronx RRC for potential Brady material. Rather, the defense request is specific and limited: was the employee in question terminated for cause and if so, what was the cause? Further, the defense is not requesting that the Government turn over the employee's personnel file nor any information on any other person at the Bronx RRC.

       Second, the defendant is not asking the Government to act as its private investigator. Counsel has attempted to get the information and although the Bronx RRC has confirmed that the employee in question was terminated, counsel has been unable to get any additional information regarding the circumstances of the termination. Significantly, the Government admits that it has already made an inquiry of the BOP regarding the requested information (see page 1, paragraph 2 of Government's Response), but was informed that the Bronx RRC, not the BOP, would have any employee records of its own employees. The Government apparently chose not to pursue the inquiry despite the fact that the Government had previously obtained records from the Bronx RRC regarding Mr. Rivera. Additionally, the request for this specific

information is not based upon rumor, as the Government claimed, but supported by corroborative information that this employee was in fact terminated.

Finally, the Government argues, "[e]ven BOP's and the RRC's sharing of records with the Government was more akin to witnesses providing information than to the sharing of records between investigating agencies." (See Page 2, paragraph 3 of Government's Response) Although the defense maintains that the Bronx RRC is part of the prosecution team, the Government's analysis that the Bronx RRC is similar to a witness, even if accurate, does not obviate the Government of its obligations. In fact, the Government actually undercuts its argument regarding pursuing the requested information. If the Government considers BOP and the Bronx RRC to be witnesses, then the Government clearly has the obligation to determine if that witness has information favorable to the defense, particularly where the defense has pinpointed the information requested.

Accordingly, the defendant requests that the Government be directed to determine whether or not the employee in question was terminated for cause and if so, disclose the basis of such cause.

Respectfully submitted,
/s/
Harvey Fishbein

---

The Defendant's application that the Court order the Government to produce RRC records concerning the termination of a staff member pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) is DENIED. Defense counsel is just as capable as the Government to subpoena the records from the RRC and the Government is not constitutionally required to produce the records. *See United States v. Blaszczak*, 308 F. Supp. 3d 736, 742, 742 n.37 (S.D.N.Y. 2018) (collecting cases).

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 14.
SO ORDERED.

Date: November 23, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE